**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

KEYATTA JAMES                                    )
                                                 )
      **Plaintiff,**                          )
                                                 )
  **v.**                                     )
                                                 )   CASE NO._____
ALLIED UNIVERSAL SECURITY                        )
SERVICES; JOHN/JANE DOES 1-5; XYZ               )
CORPORATIONS 1-5                                 )
                                                 )
      **Defendants.**                         )
                                                 )
_____          )

**NOTICE OF REMOVAL TO FEDERAL COURT**
**BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION**

Consistent with 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b), Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal"), notifies this Court that it is removing this action, currently pending as Case No.: UNN-L-000652-24 in the Superior Court of New Jersey, Union County Law Division, to the United States District Court for the District of New Jersey. As grounds for removal, Allied Universal shows:

## I.   JURISDICTION AND VENUE

1. Removal of this action is proper under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b), because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue is proper in this Court under 28 U.S.C. §§ 110, 1391, and 1446.

## II.   STATE COURT ACTION

3. On February 20, 2024, Plaintiff filed a Complaint against Allied Universal in the Superior Court of New Jersey, Union County Law Division ("State Court"). That same day,

Plaintiff filed a Motion to Correct Data. From on or about February 20, 2024, until April 2, 2024, Plaintiff filed two motions to correct the data for her Complaint. (*See* Exhibit A.)

4. On or about April 26, 2024, the State Court granted Plaintiff's motion. (*See* Exhibit A.)

5. On April 29, 2024, Plaintiff sent Allied Universal's counsel a waiver of service and the Summons and Complaint. (*See* Exhibit A.)

6. Allied Universal's counsel signed the waiver of service form, and Plaintiff filed the form on the docket on May 20, 2024. (*See* Exhibit A.)

7. While Allied Universal notes Plaintiff's Complaint lacks any merit, Plaintiff's Complaint purportedly arises out of her employment with Allied Universal and asserts claims under the New Jersey Law Against Discrimination ("NJLAD").

8. There have been no other filings or proceedings in State Court, and the entire State Court file is attached as Exhibit A.

9. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

### III.   REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

#### a.   Plaintiff and Allied Universal are not Citizens of the Same State.

10. In order to remove to this Court, Allied Universal need only plausibly allege the requirements for federal jurisdiction via "a short and plain statement of the grounds for removal" and no evidentiary submissions are required. 28 U.S.C. § 1446(a).

11. Plaintiff is a citizen of New Jersey. (Exhibit A, p. 2.)

12. Allied Universal is a single-member limited liability company, wholly owned by a corporation – USA Intermediate, Inc. (*See* Exhibit B.)

13. For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.

14. USA Intermediate, Inc. is incorporated under the laws of the State of Delaware with its principal place of business located in the State of California. Accordingly, Allied Universal is a citizen of Delaware and California (*Id.*)

15. Because Plaintiff (New Jersey citizen) and Allied Universal (Delaware/California citizen) are neither citizens nor residents of the same state, complete diversity exists between all current parties and removal of this action is proper. See 28 U.S.C. § 1332(a)(1).

**b. A Preponderance of the Evidence Illustrates That the Amount in Controversy Exceeds $75,000.**

16. Based on the allegations in the Complaint, the amount in controversy exceeds the sum of $75,000.

17. In the Third Circuit, when the plaintiff does not specifically allege the actual amount of damages sought, a defendant seeking removal based on diversity jurisdiction need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs. *Wilkins v. Navy Fed. Credit Union*, Civil Action No. 22 2916, 2023 WL 239976, at *4 (D.N.J. Jan. 18, 2023) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). Courts apply the "legal certainty test" when determining whether the amount in controversy exceeds the jurisdictional threshold. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 503-505 (3d Cir. 2014). The legal certainty test does not require a removing party to make an affirmative showing, by a preponderance of the evidence, that plaintiff

is more likely than not entitled to more than $75,000 in damages. *Montilus v. Munoz*, Civil Action No. 09-4143, 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009). In fact, courts will only remand or dismiss a case if it is apparent from the face of the complaint that the plaintiff cannot recover more than $75,000. *Id*.

18.     Although Plaintiff does not quantify her damages for discrimination and retaliation, she claims that she has suffered damages including, but not limited to, back pay, front pay, punitive damages, emotional distress damages, attorney's fees and enhancements, interest and "any other relief the Court deems equitable and just." (Exhibit A p. 8-9.)

19.     Allied Universal denies all of Plaintiff's allegations and disputes that Plaintiff is entitled to any relief. Without prejudice to its defenses in this action, however, Allied Universal stipulates that the amount Plaintiff has placed in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

20.     Plaintiff's claims for: (1) lost past and future wages/benefits; (2) punitive damages; (3) attorney's fees and enhancements; and (4) emotional distress, it is facially apparent from the Complaint that the claims exceed $75,000 as a legal certainty.

21.     Similar cases support Allied Universal's averment as to the amount in controversy. For example:

- *Cuadra v. Univision Communications Inc.*, 2:09-CV-04946, 2013 WL 1912538 (D.N.J. 2013) (verdict and settlement summary), jury awarded the plaintiff $200,000 in compensatory damages for claims of sexual harassment.

- *Nancy Lopez v. Jersey City Parking Authority*, No. HUD-6405-08, 2010 WL 5626866 (N.J.Super.L. July 1, 2010) (verdict and settlement summary), approval of settlement of $300,000 to the plaintiff in NJLAD sexual harassment case.

- *Jennifer L. Gentile v. City of Millville and Thomas Riley*, No. CUM-L-701-09, 2009 WL 6602418 (N.J.Super.L. Dec. 28, 2009) (verdict and settlement summary), plaintiff received a mediated settlement of $100,000 when plaintiff was subjected to sexual harassment and requested a demotion but remained employed.

- *Curcio v. Collingswood Board of Education, et al.*, No. 1:04-cv-05100-JBS-AMD, 2007 WL 844580 (D.N.J. Jan. 24, 2007) (verdict and settlement summary), the plaintiff received a settlement of $270,000 for allegations of sexual orientation discrimination under the NJLAD.

22.    These awards demonstrate that, for diversity purposes, the value of damages in NJLAD cases far exceed the $75,000 amount in controversy requirement.

23.    Furthermore, the Court must also consider Plaintiff's demand for punitive damages when calculating the amount in controversy. Under New Jersey Law, plaintiffs are eligible to collect punitive damages up to five times the liability of the defendant for compensatory damages or $350,000, whichever is greater. *See* N.J.S.A. § 2A:15–5.14(b). "This conceivable multiplier increases the likelihood that the amount in controversy threshold has been satisfied." *Goralski v. Shared Technologies, Inc.*, Civil Action No. 09-2461 (KSH), 2009 WL 2460752, *5 (Aug. 7, 2009).

24.    Finally, attorneys' fees are a necessary part of the amount in controversy calculation when such fees are available under the statutory causes of action, as they are here. *Deresky v. B.J. McGlone & Co., Inc.*, Civil Action No. 14-1930, 2018 WL 3425731, *5 (July 16, 2018) (finding that recovery for attorneys' fees are available under the NJLAD and that Plaintiff's demand for attorneys' fees and punitive damages were enough to meet the $75,000 threshold even when the court doubted the plaintiff's ability to recover compensatory damages).

25.    Based on Plaintiff's allegations and request for damages, it is facially apparent that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## IV.    ALLIED UNIVERSAL SATISFIES ALL REQUIREMENTS OF 28 U.S.C. § 1446.

26.    **Removal is timely**. Allied Universal timely filed this Notice of removal within thirty days of service of Plaintiff's Complaint. Allied Universal was served with Plaintiff's Complaint on April 29, 2024; the deadline to file Allied Universal's Notice of Removal is May 29, 2024. 28 U.S.C. § 1446(b).

27.    **Removal to this Court is proper**. Plaintiff's Complaint was filed in the Superior Court of New Jersey, Union County Law Division, which is located in this District.

28.    **All pleadings and process in State Court have been submitted with this Removal**. Other than the documents submitted with the Notice of Removal, no other pleadings, process, orders, or other papers in this case have been filed, served, or received by Allied Universal.

29.    **Notice has been provided to all Parties and the State Court**. Allied Universal is simultaneously filing a copy of its Notice of Removal with the clerk of the State Court and is serving a copy on Plaintiff.

Consequently, this action is properly removed from the Superior Court of New Jersey, Union County Law Division, to this Court for all further proceedings.

**[Signature page to follow]**

Dated: May 29, 2024

Respectfully submitted,

/s/ MaKenna Tucker
MaKenna Tucker (Attorney ID No. 417582023)
MARTENSON, HASBROUCK, & SIMON LLP
40 Exchange Place, Suite 1502
New York, New York 10005
T: 332-345-2470 F: 212-433-8540
mtucker@martensonlaw.com

*Counsel for Allied Universal*

**CERTIFICATE OF SERVCE**

I certify that a copy of this NOTICE OF REMOVAL has been served via U.S. Mail, first class, postage prepaid on the following counsel of record:

Mary E LeMieux-Fillery
The Law Offices of Eric A. Shore
20 Brace Rd., Suite 325
Cherry Hill, NJ 08034
*Attorneys for Plaintiff*

/s/ MaKenna Tucker